PRODUCCIONES TOMMY MUÑIZ, INC., Plaintiff and Appellant, *v.* LEOPOLDO H. FERNÁNDEZ ALFONSO, Defendant and Appellee.

No. R-68-67.     Decided November 7, 1969.

---

*Tomás Torres Marrero* for appellant. *Manuel Orraca Torres* for appellee.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Petitioner, Producciones Tommy Muñiz, Inc., filed a petition for injunction in the San Juan Part of the Superior Court against Leopoldo H. Fernández Alfonso to refrain the latter from acting or working in his capacity as an actor or librettist for any other person than petitioner.

The cause of action was based on a contract executed by petitioner and defendant on March 8, 1967 by virtue of which petitioner, called "the promoter" and defendant, called "the artist" agreed that as of that date the promoter would be the artist's exclusive representative in a series of activities and presentations all of which were for profit. These performances and presentations included all his phases as an actor and his abilities as such as well as his ability as librettist, and covered all the Island of Puerto Rico, all of the United States, and abroad. The eleventh clause of the contract provided that the artist committed himself to pay the promoter the sum of $5,000 for liquid damages for breach of contract.

It was alleged in the complaint that despite the exclusiveness of said contract the defendant had violated its provisions and he refused to work for petitioner, and on the contrary, he was acting and working for the television station W.K.V.M.—T.V. in Caguas, in a daily program produced by Raditell, Inc., all that without petitioner's consent. Petitioner

requested that an injunction be issued directing defendant to cease and desist in his activities in violation of the contract.

The complaint was filed on February 20, 1968. On February 21 a writ of temporary injunction was issued and a hearing on preliminary injunction was set for March 1, 1968. On that date defendant requested the dismissal of the action because the complaint did not adduce facts constituting cause of action. In view of the provisions of subsection 4 of § 677 of the Code of Civil Procedure and in accordance with our decision in *Núñez* v. *Soto Nussa, District Judge,* 14 P.R.R. 190 (1908),[1] the trial court granted the dismissal, by order of March 5, 1968 on the ground that an amount for liquid damages had been stipulated in case of breach of contract.

The court granted petitioner 10 days to amend the complaint if it were amendable. Petitioner did not file an amended complaint and on the contrary, on March 11, 1968 it filed a petition for a writ of certiorari. We issued the writ to review said order.

We need not discuss the merits of the matter because of the following reasons: The contract signed on March 8, 1967 was for a term of one year, but it was agreed that it could be extended for an additional year, at the promoter's option. The petition for injunction was filed on February 20, 1968, 17 days prior to the expiration of the original contract. When the petition for certiorari was filed, on March 11, said term had already expired. However, on March 11 petitioner filed proof before the trial court of having made use of its rights to extend the contract for an additional year, which already expired on March 8, 1969.

---

[1] Section 677 of the Code of Civil Procedure provides that an injunction may be granted: . . . (4) Where pecuniary compensation would not afford adequate relief. (5) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

The litigious question at this moment is completely unsubstantial and lacks consequences. The petition limited itself to require the specific performance of the artist's activities for promoter, and to require him to desist from working for third persons or on his own. Any determination we might make of the case on the merits, assuming we reversed the trial court's decision, would not have any juridical consequence nor would it dispose of any right of the parties. The artist cannot be obliged at this stage to the specific performance. As it was stated in the recent case of *Powell* v. *McCormack*, 395 U.S. 486, decided on June 16, 1969, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Likewise, this petition lacks secondary or collateral effect, and the question involved herein is not one of public or legal concern which reappears or repeats itself regularly and should be decided. *Cf. Benton* v. *Maryland*, 395 U.S. 784, decided on June 23, 1969.

For the reasons stated the petition should be dismissed.

The foregoing decision does not affect at all the right which petitioner might have to judicially claim damages or pecuniary compensation for the alleged noncompliance, if his action did not otherwise have legal impediment. Petitioner chose not to amend its complaint when it was given the opportunity to do so, and the only thing it litigates is its right to a specific performance for it, and that defendant desists from working for others.

Judgment shall be rendered ordering the dismissal of this petition for review.

Mr. Chief Justice Negrón Fernández did not participate herein.